### LENA HARRINGTON v. LEE WALTER TAYLOR.

(Filed 12 December, 1945.)

**Contracts § 5—**

> There is no consideration for a promise to reimburse plaintiff for injuries suffered by her, when plaintiff saved defendant from serious injury or death by interposing herself between defendant and his assailant in a fight.

APPEAL by plaintiff from *Olive, Special Judge,* at May, 1945, Civil Term, of RICHMOND.

*George S. Steele, Jr., for plaintiff, appellant.*
*No counsel contra.*

PER CURIAM. The plaintiff in this case sought to recover of the defendant upon a promise made by him under the following peculiar circumstances:

The defendant had assaulted his wife, who took refuge in plaintiff's house. The next day the defendant gained access to the house and began

another assault upon his wife. The defendant's wife knocked him down with an axe, and was on the point of cutting his head open or decapitating him while he was laying on the floor, and the plaintiff intervened, caught the axe as it was descending, and the blow intended for defendant fell upon her hand, mutilating it badly, but saving defendant's life.

Subsequently, defendant orally promised to pay the plaintiff her damages; but, after paying a small sum, failed to pay anything more. So, substantially, states the complaint.

The defendant demurred to the complaint as not stating a cause of action, and the demurrer was sustained. Plaintiff appealed.

The question presented is whether there was a consideration recognized by our law as sufficient to support the promise. The Court is of the opinion that however much the defendant should be impelled by common gratitude to alleviate the plaintiff's misfortune, a humanitarian act of this kind, voluntarily performed, is not such consideration as would entitle her to recover at law.

The judgment sustaining the demurrer is

Affirmed.