LENA HARRINGTON v. LEE WALTER TAYLOR.

(Filed 27 November, 1946.)

**Negligence § 9—**

> Evidence that plaintiff interposed herself between defendant and his assailant in a fight, and was injured by the blow intended for defendant, is insufficient to take the case to the jury on the issue of negligence since defendant could not have reasonably foreseen or anticipated the injury.

APPEAL by plaintiff from *Stevens, J.,* at May Term, 1946, of RICH-MOND.

Civil action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.

On 8 January, 1945, defendant went to the home of the plaintiff to get his wife who had gone there for protection. The defendant and his wife fell to fighting in the plaintiff's house. The defendant's wife had floored him with an axe and had it raised to strike him again when the plaintiff intervened and saved his life, but received a severe cut on the hand when she "got the lick which was intended for him."

From judgment of nonsuit, entered at the close of plaintiff's evidence, she appeals, assigning errors.

*George S. Steele, Jr., for plaintiff, appellant.*
*Fred W. Bynum for defendant, appellee.*

PER CURIAM. The action is against the defendant and not his wife who inflicted the injury. The plaintiff first sued on contract—defendant's promise to pay damages—reported in 225 N. C., 690, 36 S. E. (2d), 227. She now sues in tort.

The evidence is wanting in sufficiency to carry the case to the jury. The injury is not one which the defendant could have reasonably foreseen or anticipated. *Butner v. Spease,* 217 N. C., 82, 6 S. E. (2d), 808. The judgment of nonsuit will be upheld.

Affirmed.